# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *     *
ELMER GRAHAM, as parent and          *     No. 14-48V
natural guardian of G.G.G.,          *     Special Master Christian J. Moran
a minor child,                       *
                Petitioner,     *
                                 *     Filed: September 24, 2014
v.                                   *
                                 *     Decision on the record; insufficient
SECRETARY OF HEALTH                  *     proof of causation; seizure; limbic
AND HUMAN SERVICES,                  *     encephalopathy; respiratory failure;
                                 *     death; FluMist ("flu") vaccine.
                Respondent.     *
* * * * * * * * * * * * * * * * * * * *     *

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner;
Tara J. Kilfoyle, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

On January 22, 2014, Elmer Graham filed a petition for compensation, on behalf of his child, G.G.G., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2006). His petition alleged that G.G.G. suffered intractable seizures, limbic encephalopathy, respiratory failure, and death as the result of a FluMist ("flu") vaccine that she received on October 15, 2012. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.   Procedural History

In support of his petition, Mr. Graham filed medical records (exhibits 1-13), an affidavit (exhibit 14), followed by a statement of completion on February 28, 2014.

On March 28, 2014, respondent filed a status report stating that petitioner's medical records appeared complete. Respondent filed her Rule 4 report on May 27, 2014, stating that petitioner had not met his burden of proof and was not entitled to compensation. Resp't's Rep't at 7.

Respondent also argued that "none of G.G.G.'s treating providers suggested a causal relationship between the flu vaccine and either her illness or death." Id. at 10. Respondent also noted that G.G.G.'s records indicated two possible alternative causes of her death including Hashimoto encephalopathy or unknown cause and viral encephalitis. Id. at 11.

A status conference was held on June 9, 2014, to discuss respondent's Rule 4 report. During this conference, Mr. Graham stated that he was awaiting feedback from his pathologist consultant before beginning a search for an expert witness to opine on his case.

A follow-up status conference was held on July 17, 2014, to discuss Mr. Graham's progress pursuing an expert report. Mr. Graham reported that he expected a report from his pathologist soon and might seek a report from a neurologist.

On July 30, 2014, Mr. Graham filed a status report stating that he intended to file a motion to dismiss his case. Mr. Graham filed his motion to dismiss on August 18, 2014, including a report from Douglas C. Miller, M.D., Ph.D. In his report, Dr. Miller concludes that, "my review of the case including the slides, which showed that in fact there is an inflammatory process in the thyroid consistent with Hashimoto's Thyroiditis, provides a firmer support for the conclusion that [G.G.G.] in fact did die of complications of Hashimoto's Encephalopathy." Pet'rs' Mot. at 10.

Mr. Graham requested a decision dismissing his petitioner stating that in light of Dr. Miller's assessment, proceeding further would be unreasonable. Accordingly, this case is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that G.G.G. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that G.G.G. suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Mr. Graham's claim, a medical opinion must be offered in support. Mr. Graham has offered the opinion of Dr. Miller, who determined that G.G.G. died of an alternate cause.

Accordingly, it is clear from the record in this case that Mr. Graham has failed to demonstrate either that G.G.G. suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master